IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NOSHIR GOWADIA, FED. REG. #95518-022,<br><br>    Plaintiff,<br><br>  vs.<br><br>KENNETH M. SORENSON, et al.,<br><br>    Defendants. | CIV. NO. 14-00288 SOM/BMK<br><br>ORDER DISMISSING ACTION |

**ORDER DISMISSING ACTION**

Before the court is pro se Plaintiff Noshir Gowadia's prisoner civil rights complaint, brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Compl., Doc. No. 1. Gowadia is incarcerated at the United States Penitentiary located in Florence, Colorado ("USP-Florence). He sues United States Attorney for the District of Hawaii Florence T. Nakakuni, Assistant United States Attorney Kenneth M. Sorenson, USP-Florence Supervising Attorney Christopher B. Synsvoll, and Nationstar Mortgage, LLC., for "false prosecution," and "false civil forfeiture." *See id.*, PageID #4, 11-22. Gowadia claims that his convictions in *United States v. Gowadia*, Cr. No. 05-00486 SOM, and the civil forfeiture of his home in *United States v. 575 N. Holokai Road*, Civ. No. 05-00704 HG, were obtained on fabricated evidence, false testimony,

prosecutorial misconduct, and a conspiracy between Nakakuni, Sorenson, Nationstar Mortgage, and Synsvoll. He seeks $50 million in damages. *Id.*, PageID #23. This action is DISMISSED with prejudice for the following reasons.

## I. SCREENING STANDARD

Because Gowadia is a prisoner proceeding in forma pauperis, the court must review his pleading to determine if the allegations are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915, 1915A. If so, the Complaint must be dismissed. 28 U.S.C. § 1915A(b).

The court must construe a pro se complaint liberally, in the light most favorable to the plaintiff, and accept all allegations of material fact as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*); *Hebbe v. Pliler*, 611 F.3d 1202, 1205 (9th Cir. 2010). Leave to amend should be granted unless it appears that amendment is futile. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## II. DISCUSSION

In *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), the Supreme Court held that a civil rights complaint cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would,

2

the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. Although *Heck* dealt with a complaint brought under 42 U.S.C. § 1983, its rationale applies equally to civil rights actions brought under *Bivens*. *See Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996).

Gowadia's conviction in Cr. No. 05-00486 is pending on direct appeal. *See* App. No. 11-10058 (9th Cir. 2011). He also stipulated to dismissal with prejudice to any challenge to the civil forfeiture. *See* Civ. No. 05-00704 HG, Doc. No. 254. A ruling on Gowadia's claims in this action would necessarily undermine the validity of his criminal conviction. Gowadia's claims are barred by the *Heck* doctrine, this defect cannot be cured by further amendment, and this action is DISMISSED with prejudice.

### III. <u>28 U.S.C. § 1915(g)</u>

The Prison Litigation Reform Act ("PLRA") prohibits prisoners from bringing actions in forma pauperis if the prisoner has brought three or more actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. 28 U .S.C. § 1915(g). The Ninth Circuit Court of Appeals has not definitively addressed whether a complaint dismissed pursuant to *Heck* constitutes a strike under § 1915(g). *See Andrews v. Cervantes*, 493 F.3d 1047, 1052, n.2 (9th Cir. 2007);

3

*but cf.*, *Martin*, 88 F.3d at 775 (affirming dismissal as frivolous of *Bivens* action that would imply the invalidity of prisoner's sentence). The Supreme Court in *Heck*, however, stated its ruling was based on a denial of "the existence of a cause of action," implying a failure to state a claim or lack of a cognizable legal theory. 512 U.S. at 489.

Other courts have held that *Heck* dismissals constitute dismissals for failure to state a claim. *See e.g.*, *Smith v. Veterans Admin.*, 636 F.3d 1306, 1312 (10th Cir. 2011) (finding claim barred by *Heck* is frivolous and counts as strike under § 1915(g)); *In re Jones*, 652 F.3d 36, 37-39 (D.C. Cir. 2011) (*per curiam*) (*Heck* dismissal constitutes "strike"); *McCurdy v. Sheriff of Madison Cnty.*, 128 F.3d 1144, 1145 (7th Cir. 1997); *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous."); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) ("[I]n light of *Heck*, the complaint was properly dismissed for failure to state a claim."). *See also Saunders v. Bright*, 281 Fed. App'x 83, 85 (3d Cir. 2008) (dismissing *Heck*-barred appeal as frivolous); *Red Star v. Trottier*, 2014 WL 1334126 (D. Mont., Apr. 2, 2014); *Romero v. United States*, 2011 WL 1261293 (D. Ariz., Apr. 5, 2011). This authority is persuasive.

Moreover, the District Court for the District of Columbia recently dismissed Gowadia's nearly identical claims

4

against the United States Air Force pursuant to 28 U.S.C. § 1915A, as barred by *Heck*. *See Gowadia v. United States Air Force*, Civ. No. 14-00688 (D.D.C., Apr. 23, 2014); *see also Gowadia v. Fed. Bureau of Investigation*, Civ. No. 14-00710 (D.D.C., Apr. 23, 2014) (dismissing as *Heck*-barred without discussion of PLRA). Gowadia's repeated attempts to litigate these claims after unequivocal notice that he may not allege them in a civil action until his conviction has been overturned, reversed, or expunged, is at least frivolous if not malicious.

Gowadia is NOTIFIED that these three dismissals will be considered strikes under 28 U.S.C. § 1915(g), unless they are overturned on appeal. *See Silva v. Di Vittorio*, 658 F.3d 1090, 1100 (9th Cir. 2011) (holding that "a district court's dismissal of a case does not count as a 'strike' under § 1915(g) until the litigant has exhausted or waived his opportunity to appeal").

## IV. CONCLUSION

This action is DISMISSED with prejudice pursuant to 28 U.S.C. §§ 1915(e), and 1915A(a), as frivolous and for failure to state a claim.

The court certifies that any appeal is frivolous and is not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and Rule 24(a)(3)(A) of the Federal Rules of Appellate procedure. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (defining frivolous as lacking arguable basis in fact or law); *Coppedge v.*

5

*United States*, 369 U.S. 438, 445 (1962) (holding that appeal of frivolous issue is itself frivolous).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 18, 2014.



　　　　　　　　　　　　　　 /s/ Susan Oki Mollway
　　　　　　　　　　　　　Susan Oki Mollway
　　　　　　　　　　　　　Chief United States District Judge


*Gowadia v. Sorenson, et al.,* 14-00288 SOM/BMK; scrng 2014 Gowadia 14-288 som (FTSC Heck bar); J:\Denise's Draft Orders\SOM\Gowadia 14-288 som (FTSC Heck bar).wpd