```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF HAWAII

NOSHIR GOWADIA, FED. REG.       )   CIV. NO. 14-00288 SOM/BMK
#95518-022,                     )
                                )   ORDER DENYING MOTION FOR
            Plaintiff,          )   RECONSIDERATION AND REQUEST FOR
                                )   RECUSAL
     vs.                        )
                                )
KENNETH M. SORENSON, et al.,    )
                                )
            Defendants.         )
_____ )
```

## ORDER DENYING MOTION FOR RECONSIDERATION AND REQUEST FOR RECUSAL

Before the court is Plaintiff's letter to the Clerk of Court, in which he states:

> So I am officially informing you that I wish to appeal (notice of Appeal). Please set up the appeal and send me the necessary instructions. In the meantime I will start working on the opening brief.
>
> Alternately, Court could reconsider [dismissal of] the Complaint. In that case Judge Mollway should recuse herself to avoid even "an appearance . . . ."

Letter Mot., Doc. No. 10, PageID #44.

The court construes Plaintiff's letter as a Motion for Reconsideration brought under Rule 59(e) of the Federal Rules of Civil Procedure, a request for recusal, and a concurrently filed notice of appeal. For the following reasons, Plaintiff's Motion for Reconsideration and request for recusal are DENIED. The Clerk is DIRECTED to process Plaintiff's notice of appeal without further delay.

## I. BACKGROUND

On July 7, 2014, Plaintiff filed this prisoner civil rights suit pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff alleges his convictions in *United States v. Gowadia*, Cr. No. 05-00486 SOM (D. Haw., Feb. 4, 2011), *aff'd* App. No. 11-10058 (9th Cir. Jul. 28, 2014), and the civil forfeiture of his home in *United States v. 575 N. Holokai Road*, Civ. No. 05-00704 HG (D. Haw. Sep., 6, 2011) (stipulation to dismiss), were obtained on fabricated evidence, false testimony, prosecutorial misconduct, and a conspiracy involving the federal prosecutors, investigators, his mortgage company, and a Bureau of Prisons attorney. He alleges "false prosecution" and "false civil forfeiture" and seeks $50 million in damages. Compl., Doc. No. 1, PageID #4, 11-22.

On July 18, 2014, the court dismissed Plaintiff's Complaint as barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), because a judgment in favor of Plaintiff would necessarily undermine the validity of his conviction and sentence. *See* Order, Doc. No. 8, PageID #38-39. Plaintiff's action was dismissed with prejudice as frivolous and for failure to state a claim. *Id.* The court warned Plaintiff that this dismissal could later be considered a strike pursuant 28 U.S.C. § 1915(g), if upheld on appeal, and certified that an appeal

2

would not be taken in good faith.  *Id.*, PageID #41.  Judgment entered that day.  Doc. No. 9.

On July 28, 2014, the United States Court of Appeals for the Ninth Circuit affirmed Plaintiff's conviction and sentence in Cr. No. 05-00486 SOM.  *See* Opinion, Doc. No. 949; *see also* App. No. 11-10058 (9th Cir. 2014).  Plaintiff remains incarcerated at the United States Penitentiary located in Florence, Colorado ("USP-Florence).

## II. <u>LEGAL STANDARDS</u>

**A.  Jurisdiction**

As a general rule, "[o]nce a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed."  *See Natural Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001).  Rule 4(a)(4)(B)(I) of the Federal Rules of Appellate Procedure allows a district court to amend a judgment, even when a notice of appeal has been filed, in certain situations.  Appellate Rule 4(a)(4)(B)(i) provides:

> If a party files a notice of appeal after the court announces or enters a judgment – but before it disposes of any motion listed in Rule 4(a)(4)(A) – the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

*Id.* Appellate Rule 4(a)(4)(A) identifies a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59 as such a motion.

Appellate Rule 4(a)(4)(B)(i), however, does not specify how it operates when a motion for reconsideration is filed concurrently with a notice of appeal. *See* Fed. R. App. P. 4(a)(4)(B)(i). The Transmittal Note to the 1993 Amendment to Appellate Rule 4(a)(4) states that a "notice [of appeal] filed before the filing of one of the specified motions or after the filing of a motion but before the disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals." Although the Ninth Circuit has not addressed this issue, "recent case law suggests that it would embrace the Advisory Committee's interpretation of Appellate Rule 4(a)(4)." *Yousefian v. City of Glendale*, No. CV 11-03579, 2013 WL 948743, at *1 (C.D. Cal. Mar. 11, 2013) (citing *Crawford v. Kingdom of Saudi Arabia*, CV. No. 11-05206, 2012 WL 3638628, at *3 (N.D. Cal. Aug. 22, 2012) (noting Ninth Circuit held appeal in abeyance pending district court resolution of post-judgment motion filed after notice of appeal but within Rule 4(a)(4)'s 28-day time period)).

The court concludes that it has jurisdiction to consider Plaintiff's motion for reconsideration because his

concurrently filed notice of appeal is "in effect, suspended." *See also Miller v. Marriott Int'l, Inc.*, 300 F.3d 1061, 1064 (9th Cir. 2002) ("Under [Appellate] Rule 4(a)(4)(A), the [plaintiffs'] Rule 60(b) motion prevented the [plaintiffs'] notices of appeal from becoming effective until the district court rules on the merits of those motions.").

**B.     Reconsideration Under Rule 59**

Plaintiff's motion is timely filed under Rule 59. Fed. R. Civ. P. 59(e). Under Rule 59(e), a motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

### III.     DISCUSSION

Plaintiff first argues that this civil action is independent of his criminal proceedings, and that *Heck* is therefore inapplicable to his claims. He argues that "there was no mention of '*Heck*' in the trial," and likens this case to his appeal pending in the Tenth Circuit, *Gowadia v. Stearns*, Civ. No. 13-00077 KMT (D. Colo. 2013), in which he challenged the conditions of confinement at FDC-Honolulu and at USP-Florence.

Mot., Doc. No. 10, PageID #44. Plaintiff is mistaken; he is not challenging the conditions of his confinement in this action. Rather, he asserts claims challenging the conduct of his criminal trial. These claims, if successful, would necessarily imply the invalidity of Plaintiff's conviction or sentence in Cr. No. 05-00486 SOM. Under *Heck*, such claims "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487. In light of the Ninth Circuit's decision of July 28, 2014, affirming Plaintiff's conviction, he cannot show such invalidation. This action must accordingly be dismissed.

Plaintiff next argues that his civil cases in the District Court for the District of Columbia, Civ. Nos. 13-01991 RC, 14-00710 UNA, and 14-00688 UNA, are proceeding, were not found frivolous, and "were [found] more than sufficient for *Bivens* remedy." Doc. No. 10, PageID #44. First, it is immaterial to the present action whether Plaintiff's complaints in other cases are deemed sufficient to proceed. Second, Plaintiff's statement is misleading. The District of Columbia dismissed *Gowadia v. U.S. Air Force*, Civ. No. 14-00688 UNA, and *Gowadia v. FBI*, Civ. No. 14-00710 UNA, for failure to state a claim as barred by *Heck*; they were not deemed "more than

sufficient" for relief under *Bivens*.[1]  *Id.*  The District of Columbia has not ruled on the sufficiency of Plaintiff's claims in *Gowadia v. IRS*, Civ. No. 13-01991.  Rather, Plaintiff was ordered to show cause why that action should not be dismissed for failure to prosecute, and a decision regarding his response is pending.

Plaintiff challenges this court's earlier ruling because "[t]here is no immunity for Constitutional 'Due Process.'"  *Id.*, PageID #45.  This court made no ruling on Defendants' immunities or on any due process claims Plaintiff raised.  Plaintiff is apparently confusing the present action with *Gowadia v. Sterns*, Civ. No. 13-00077 KMT (D. Colo. 2013), in which he unsuccessfully raised due process claims.  That case is on appeal in the Tenth Circuit.  *See id.*, Doc. No. 59.

According to Plaintiff, this court incorrectly stated that his dismissals in the District of Columbia, Civ. Nos. 13-0688 and 14-00710, and in the present case "will be considered as strikes."  *Id.*  Plaintiff misquotes the court's Order, which clearly states, "Gowadia is NOTIFIED that these three dismissals will be considered strikes under 28 U.S.C. § 1915(g), *unless they are overturned on appeal*."  Order, Doc. No. 8, PageID #41 (emphasis added).  *See Silva v. Di Vittorio*, 658 F.3d 1090, 1100

---

[1] Plaintiff has moved for reconsideration in Civ. No. 14-00710 UNA and has taken an appeal in Civ. No. 14-00688 UNA.

7

(9th Cir. 2011). This notification correctly states Ninth Circuit law.

This court is not persuaded to reconsider its earlier ruling on the basis that Plaintiff does "not recall ever seeing or hearing about 'stipulation to dismissal with prejudice to any challenge to the civil forfeiture.'" Mot., Doc. No. 10, PageID #45. Plaintiff's attorney signed the Stipulation on Plaintiff's behalf on September 1, 2011. *See* Civ. No. 05-00704 HG, Doc. No. 254. The Stipulation states in pertinent part:

> Based on the foregoing, and pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, the parties hereby agree and stipulate, by and through their respective counsel undersigned, that the above-entitled action be dismissed with prejudice, and each party shall bear its own costs.

*Id.*, PageID #1156. Plaintiff did not appeal, and the time for doing so expired long ago. *See* Fed. R. App. P. 4(a).

Plaintiff, arguing that *Heck* requires dismissal without prejudice, directs the court to "the words in *Heck*." Mot., Doc. No. 10, PageID #45. *Heck* is silent as to whether a dismissal pursuant to its rule should be with or without prejudice. A district court has discretion to dismiss with prejudice or grant leave to amend under the Prison Litigation Reform Act, however. *See Okwu v. McKim*, 682 F.3d 841, 844 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). This court, concluding that Plaintiff's pleading cannot be cured by the

8

allegation of additional facts, has exercised its discretion to dismiss the Complaint with prejudice.

Plaintiff complains that only the Ninth Circuit can certify his appeal as frivolous and not taken in good faith. He is incorrect. Pursuant to Rule 24 of the Federal Rules of Appellate Procedure, the district court must first determine whether an appeal is taken in good faith so that a party with in forma pauperis status may maintain that status on appeal. If the district court does not find good faith, the litigant may move in the appellate court for leave to proceed in forma pauperis, notwithstanding the district court's decision. Fed. R. App. P. 24(a)(5). This court found that Plaintiff's claims were legally frivolous, as is his repeated assertion of the same issues despite clear notice from the District of Columbia that they are not presently legally cognizable. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (defining "frivolous" as lacking arguable basis in fact or law); *Coppedge v. United States*, 369 U.S. 438, 445 (1962) (holding that appeal of frivolous issue is itself frivolous).

Finally, Plaintiff argues that the undersigned judge should have recused herself "like Judge Chang did because even 'an appearance of impropriety, or a conflict of interest, or any reasonable question regarding impartiality.'" Mot., Doc. No. 10

at PageID #46. The court construes this request as brought under 28 U.S.C. § 455.[2]

In the Ninth Circuit, a judge should disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned." *Beverly Hills Bancorp v. Hine*, 752 F.2d 1334, 1341 (9th Cir. 1984). However, "[u]nfavorable rulings alone are legally insufficient to require recusal, even when the number of such unfavorable rulings is extraordinarily high on a statistical basis." *Id.* (citing *Botts v. United States*, 413 F.2d 41, 44 (9th Cir. 1969); *In re Int'l Bus. Machs. Corp.*, 618 F.2d 923, 929-30 (2d Cir. 1980)); *see also Leslie v. Grupo ICA*, 195 F.3d 1152, 1160 (9th Cir. 1999) ("[The plaintiff's] allegations stem entirely from the district court judge's adverse rulings. That is not an adequate basis for recusal.").

"[E]ven when the judge is initially named in a lawsuit, where the allegations are so palpably lacking in merit and integrity, the judge may, and should remain in the case to deal with the spiteful plaintiff." *Mellow v. Sacramento Cnty.*, 2008 WL 2169447, at *3 (E.D. Cal. May 23, 2008); *United States v. Majhor*, 2010 WL 3522382, at *1 n. 1 (D. Or. Sept. 3, 2010);

---

[2] Although the motion is addressed to the Clerk, this court rules on the recusal issue itself. *See United States v. Champlin*, 388 F. Supp. 2d 1177, 1180 (D. Haw. 2005) ("Because both the language of § 455 and the Ninth Circuit precedent interpreting § 455 indicate that the judge to whom a § 455 motion is directed should decide the motion, this court will rule on the defendants' motion for recusal.").

*United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) ("A judge is not disqualified by a litigant's suit or threatened suit against him, or by a litigant's intemperate and scurrilous attacks." (citation and quotation marks omitted)).

Plaintiff's argument, while unclear, is apparently that this judge may not handle this case because she presided over his criminal jury trial and was aware of his forfeiture case as Chief Judge of the District of Hawaii. Plaintiff sets forth no examples raising the appearance of bias, impropriety, or prejudice occurring during or after his trial. He points to no rulings, statements, or other reasons, specific or general, giving the appearance of bias or prejudice against him. The court is not aware of the reasons for Magistrate Judge Chang's recusal in this matter, and those reasons do not necessarily require this court's recusal. Plaintiff's request for recusal is DENIED.

## IV. CONCLUSION

Plaintiff sets forth no intervening change in controlling law, new evidence, or need to correct clear error or prevent manifest injustice persuading this court to reconsider its decision. *See White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (citing *Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1178-79 (9th Cir. 1998)). Plaintiff's Motion for Reconsideration and request for recusal are DENIED. The court

again certifies that an appeal would not be taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A).  The Clerk of Court is DIRECTED to process Plaintiff's Notice of Appeal.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 12, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Gowadia v. Sorenson, et al.,* 14-00288 SOM; recon 2014 Gowadia 14-288 som (R59 NOA FTSC HECK); J:\Denise's Draft Orders\SOM\Gowadia 14-288 som (R59 NOA re. FTSC Heck bar).wpd